# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

BANK OF AMERICA
Account: 09672 67676
The Funds on Deposit up to
$240,000.00

APPLICATION AND AFFIDAVIT

FOR SEIZURE WARRANT

CASE NUMBER: '08 MJ 0513

I, __Lisa M. Tracy__, being duly sworn depose and say:

I am a __Senior Special Agent with United States Immigration and Customs Enforcement (ICE)__,
*Official Title*
and I have reason to believe that due to a violation which occurred in the Southern District of California, that there is now certain forfeitable property, namely:

THE FUNDS ON DEPOSIT, Limited to $240,000.00, from BANK of AMERICA, Account: 09672 67676

which property is traceable to personal check number #730, dated November 28, 2007, written for the amount of $240,000.00, drawn on BANK OF AMERICA Bank account number: 09672 67676, which was transported into the United States, in bearer form, which transportation was not reported, in violation of Title 31 United States Code, Section 5316 and 5332. The United States Government seeks forfeiture of the funds traceable to personal check number #730, pursuant to Title 31, United States Code, Section 5317. The
The facts to support a finding of Probable Cause are as follows:

*SEE ATTACHED AFFIDAVIT, WHICH IS HEREBY INCORPORATED BY REFERENCE AND MADE A PART HEREOF.*

Signature of Affiant
*Lisa M. Tracy*

Sworn to before me, and subscribed in my presence
2/21/08, 1611 hrs   at   San Diego, California
Date/Time issued

Honorable __WILLIAM MCCURINE, JR.__

United States Magistrate Judge
*Name and Title of Judicial Officer*

Signature of Judicial Officer

AFFIDAVIT IN SUPPORT OF AN APPLICATION

FOR SEIZURE WARRANT

STATE OF CALIFORNIA)
COUNTY OF SAN DIEGO)

    I, Lisa M. Tracy, Senior Special Agent (SSA), United States Immigration and Customs Enforcement (ICE), being duly sworn, depose and state:

**A.**    <u>**EXPERIENCE AND TRAINING**</u>

    1.    I have over 14 years experience as a federal law enforcement officer. I have been a Special Agent for 12 years, first with the Immigration and Naturalization Service, and then with Immigration and Customs Enforcement. During my time in service, I have investigated numerous border crimes of varying complexity. I have been assigned to Financial Investigations since May of 2004.

    2.    Throughout my law enforcement career, I have participated in and or executed numerous searches, seizures, and arrests. I have also applied for warrants to conduct searches, seizures, and arrests. I am familiar with the enforcement of laws relating to Immigration and Customs violations, money laundering, and asset forfeiture.

B. **PROPERTY TO BE SEIZED**

3. This affidavit is made in support of the application for seizure warrants for the following assets:

**Funds on Deposit in BANK OF AMERICA Account Number: 09672 67676, up to $240,000.000;** BANK OF AMERICA, Lincoln-Tustin, 2680 N Tustin Ave., Orange, CA; Phone 714-533-4470; Account Holder: Yubran MESLE;.

**Funds on Deposit in WELLS FARGO Account Number: 3572585739 up to $5,000.00**; WELLS FARGO Bank, N. A.; California,; Account Holder: Yubran S MESLE.

C. **STATUTORY BASIS FOR SEIZURE AND FORFEITURE**

4. As set forth below, there is probable cause to believe that on or about November 8, 2007, Ata DIGHLAWI failed to report the transportation of Monetary Instruments, in bearer form, in excess of $10,000.00 into the United States, from Mexico, in violation of Title 31, Sections 5316 and 5332. There is also probable cause to believe, the funds on deposit in BANK OF AMERICA Bank account: 09672 67676, up to $240,000.00, and the funds on deposit in WELLS FARGO Bank account: 3572585739, up to $5,000.00, are traceable to the monetary instruments seized by the United States government for violation of Title 31 of the

2

U.S.C. Sections 5316 and 5332.  The government seeks to civilly forfeit the funds traceable to the monetary instruments described herein in paragraphs 13 and 14, pursuant to Title 31 United States Code, Section 5317.

    4(a).    Title 31, United States Code, Section 5316(a) provides that a person shall file a report under Section 5316(b) when the person transports, is about to transport, or has transported monetary instruments of more than $10,000.00 in U.S. dollars at one time to a place in the United States from or through a place outside the United States.

    4(b).    Title 31, United States Code, Section 5324 provides that no person shall, for the purpose of evading the reporting requirements of section 5316, fail to file a report required by section 5316 or cause or attempt to cause a person to fail to file such a report.  Section 5324(d) provides whoever violates this section shall be fined in accordance with Title 18, United States Code, imprisoned for 5 years, or both.

    4(c).    The term "monetary instrument" is defined by the Secretary of the Treasury.  The definition is provided at 31 CFR 103.11.  "Monetary Instruments" includes, currency, Traveler's checks in any form, all negotiable instruments – including, inter alia, personal checks, business checks, third party checks – that are either in bearer form, endorsed without restriction, made out to a fictitious payee, or otherwise in such form that title thereto passes upon delivery.  "Monetary Instruments" also

includes incomplete instruments - including, inter alia, personal checks, business checks, third-party checks signed but with the payee's name omitted.

  5.  Pursuant to 28 U.S.C. § 1355(b) and 18 U.S.C. § 981(b)(3) (made effective under the Civil Asset Forfeiture Reform Act of 2000), this Court may issue seizure warrants for property located outside the district when acts or omissions giving rise to forfeiture occurred in this district. Here, the failure to report the transportation of a monetary instrument in excess of $10,000.00 into the United States, occurred within this district. The subject property is located in the Central District of California.

  5(a).  Title 18, United States Code, Section 981(b)(3) provides, a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under Title 28, United States Code, Section 1355(b), and may be executed in any district in which the property is found.

  5(b).  Title 28, United States Code Section 1355(b)(1) provides a forfeiture action or proceeding may be brought in (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred; or (B) any other district where venue for the forfeiture action or

proceeding is specifically provided for in section 1395 of this title or any other statute.

**D.    BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT**

6.    I make this affidavit based on oral and written reports about this investigation that I have received from federal agents of the Department of Homeland Security, Immigration and Customs Enforcement (ICE) and Customs and Border Protection(CBP).

7.    Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by Special Agents of ICE and/or CBP.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided to me by another law enforcement officer.

8.    Because this affidavit is being submitted for the limited purpose of securing seizure warrants for the deposited funds traceable to monetary instruments seized by the United States Government, I have not set forth each and every fact learned during the course of this investigation.  I have set forth only the facts that I believe are necessary to establish the foundation for the purpose requested above.

**E.    FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE**

9.    On November 8, 2007, ICE Special Agent Glenn MacDonald, an ICE agent assigned to the Financial Task Force, was notified of a incident at the San Ysidro Port of Entry

involving the seizure of monetary instruments. On November 8, 2007, Agent MacDonald responded to the call, arrived at the San Ysidro, California, Port of Entry, and determined the following:

10. On November 8, 2007, at approximately 8:30 pm, Ata DIGHLAWI (driver) and Ahmad AYESH (passenger) applied for entry at the San Ysidro, California, Port of Entry (POE) while in a silver GMC Sierra (CAUS/8J51268). DIGHLAWI handed Customs and Border Protection (CBP) Primary Officer Danilo CAYAS two California driver's licenses and declared himself to be a U.S. citizen. The passenger, AYESH, also claimed to be a U.S. citizen. Officer Cayas received two negative Customs declarations from DIGHWALI. Officer Cayas referred DIGHLAWI to secondary inspection.

11. On November 8, 2007, at approximately 9:00 pm, CBP Officer Sean Richardson was assigned to conduct the secondary inspections at the San Ysidro, California Port of Entry. CBP Officer Richardson inspected the silver GMC Sierra (CAUS/8J51268) with the assistance of CBP Officer A. Inouye. During his inspection, Officer Richardson discovered a grey plastic bag in the center console that contained 29 credit cards. Several of the credit cards had the same number but different names associated with them.

12. Agents MacDonald and Dimeglio contacted several credit card companies in relation to the 29 credit cards found in the

center console. Some of the credit card issuing companies requested that the cards be returned to them.

13. While conducting secondary inspection, CBP Officer Inouye also discovered a receipt from Western Union regarding money that was sent to Pakistan.

14. Ata DIGHLAWI (driver) and Ahmad AYESH (passenger) were also in possession of various bank deposit slips and receipts, several different individuals' biographical information, including social security numbers, a default letter to Mahbuba DIGHLAWI from CHASE, Arabic writing, various passwords, telephone numbers and a list of things to do.

15. In my experience, it is unusual for people to carry other peoples' biographical information, multiple credit cards issued to other individuals, and or fictitious names, and it is frequently a sign of illegal activities.

16. During the secondary inspection, Officer Inouye discovered three negotiable monetary instruments in the center console. All three instruments were signed personal checks, in bearer form, written from the accounts of Yubran MESLE, later determined to be the brother of the driver, Ata DIGHLAWI and the uncle of the passenger, Ahmad AYESH. The Payee information is blank for all three checks, and none of the checks were endorsed. A description of the instruments is as follows:

17. Personal Check #730, dated November 28, 2007, for $240,000.00 drawn on Bank of America Account number: 09672 67676.

18. Personal check #1004, dated November 10, 2007, for $5,000.00 drawn on Wells Fargo account number: 3572585739.

19. Personal check, #1040, not dated, amount blank, drawn on Bank of America account number: 24547 67190.

20. CBP officials determined that there were funds on deposit in the bank accounts for personal checks #730 and #1004. CBP Officials also determined that the account for personal check #1040 was closed.

21. On November 9, 2007, at about 1:25 am, during a post-Miranda interview, with ICE agents Glenn MacDonald and Joseph Dimeglio, Ata DIGHLAWI claimed ownership of all three negotiable instruments. Ata DIGHLAWI claimed that the money from the checks was a payment to him (Ata DIGHLAWI) from his brother, Yubran MESLE, the issuer of the checks. DIGHLAWI told agents that he (DIGHLAWI) had loaned his brother, Yubran MESLE, some money in the past, and that Yubran MESLE was in the process of paying him back.

22. Ata DIGHLAWI stated that the payee information on the checks was left blank, because sometimes he has trouble with the banks, and he was not sure which name the bank would want him to use.

23. Both Ata DIGHLAWI and his brother, Yubran MESLE, have numerous aliases.

24. During the interview, Ata DIGHLAWI acknowledged to agents that he has moved money out of the United States to Pakistan on the behalf of other people in the past.

25. Ata DIGLAWI stated that he and his nephew, Ahmad AYESH, who both reside in Riverside County, California, had gone to Mexico to look for a dentist. DIGHLAWI stated that they entered Mexico, from the United States, around 3:30 pm, that same day, November 8, 2007.

26. Ata DIGHLAWI stated that after driving around for a few hours, they never found a dentist and decided to return to the United States.

27. Records checks indicate that on or about March 23, 1997, Ata DIGHLAWI filed a Currency and Monetary Instrument Report for $64,500.00 in currency, and $75,000.00 in the form of a bearer instrument (total amount $139,500.00), upon his arrival to the United States at Houston, Texas, from Managua, Nicaragua.

28. Record checks indicate that on or about April 23, 1999, Ata DIGHLAWI a Currency Transaction Report was filed for a cash deposit of $17,200.00, which was made at Bank of America, in Escondido, California.

29. Records checks indicate that Ata DIGHLAWI was convicted of federal drug violations in February of 2002 and was

sentenced to 57 months prison. His brother, Yubran MESLE, pled guilty in December of 2004 to possession of Amphetamines and was sentenced to 46 months prison.

### F.   KNOWLEDGE

30. Based upon the facts presented above, there is probable cause to believe that Ata DIGHLAWI is familiar with the reporting requirements relating to large cash transactions in excess of $10,00.00. There is also probable cause to believe that Ata DIGHLAWI is aware of the reporting requirements relating to the reporting of Currency and Monetary Instruments in excess of $10,000.00 when entering or departing the United States. There is also probable cause to believe that Ata DIGHLAWI's failure to report the transportation of monetary instruments in bearer form, in excess of $10,000.00 was intentional.

### G.   CONCLUSION

31. Based on the foregoing, there is probable cause to believe that the funds on deposit in Bank of America Account #09672 67676, held in the name of Yubran Mesle up to the amount of $240,000, is property traceable to one of the monetary instruments involved in the November 8, 2007 violation of 31 U.S.C. §§ 5316 and 5324 is forfeitable pursuant to 31 U.S.C § 5317 (c) (2).

32. Based on the foregoing there is also probable cause to believe that the funds on deposit in Wells Fargo Bank account #3572585739, held in the name of Yubran S. Mesle up to the amount of $5000 is property traceable to one of the monetary instruments involved in the November 8, 2007 violation of 31 U.S.C. §§ 5316 and 5324 and is forfeitable pursuant to 31 U.S.C. §5317(c).

33. Therefore, the affiant requests seizure warrants for the funds on deposit, up to $240,000.00, at Bank of America, account 09672 67676, and the funds on deposit, up to $5,000.00, at Wells Fargo Bank, account 3572585739.

*[signature]*

Lisa M. Tracy,
Senior Special Agent,
U.S. Immigration and Customs Enforcement

Subscribed and sworn before me this 21st day of February, 2008.

*[signature]*

United States Magistrate Judge
Southern District of California

11